IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GUADALUPE GRANADOS,**

      Plaintiff,

vs.                                                     Civ. No. 05-722 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed September 15, 2006. Docket No. 9. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted.

## I.  PROCEDURAL RECORD

Plaintiff, Guadalupe Granados, applied for Supplemental Security Income Benefits and Social Security disability insurance benefits on July 17, 2001.  Plaintiff alleged she became disabled since December 1, 2000, due to a back injury, joint inflammation, diabetes and problems with her left foot. Tr. 66. The application was denied at the initial and reconsideration level.  The ALJ conducted a hearing on August 13, 2002.  Tr. 203.  At the hearing, Plaintiff was represented by counsel.  On February 7, 2003, the ALJ issued his decision and found that Plaintiff retained the residual functional

capacity ("RFC") for a full range of light work and she could perform her past relevant work as an apartment cleaner. Tr. 26. Thereafter, the Plaintiff filed a request for review to the Appeals Council on February 20, 2003. Tr. 13. Plaintiff submitted additional evidence to the Appeals Council on November 10, 2003. Tr.195-201. On June 22, 2004, Plaintiff wrote to the Appeals Council to inquire as to the status of her appeal. Tr. 201. A Notice of Appeals Council Action dated March 22, 2005 is in the record. However, Plaintiff's counsel apparently did not receive this notice. After a telephone inquiry in May of 2005, Plaintiff's counsel was informed that the case had not yet been assigned for review within the Appeals Council. Tr. 202. On May 25, 2005 the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 4. The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on June 29, 2005.

Plaintiff was born on February 26, 1959. Tr. 55. She has past relevant work as a housekeeper. Tr. 67. She is not able to speak, read or write in English. Tr. 65.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *See Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Glenn v. Shalala*, 21 F.3d 983 (10th Cir. 1994). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. *See Gossett v. Bowen*, 862

F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  42 U.S.C. §423(d)(1)(A); *see also Thompson*, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *See Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

### III. MEDICAL HISTORY

The record shows that the Plaintiff has been taking insulin for diabetes since 1996. *Tr. 116.* In 2001, Plaintiff's eyes were examined and was found to have "[n]o visual problems" and no signs of retinopathy.  Tr. 117.

In September of 1999, Plaintiff's treating physician, James A. Schneider II, M.D. ordered x-rays of Plaintiff's lumbar spine.  The x-rays showed "[m]ild osteophytic lipping, otherwise, negative

lumbar spine." Tr. 122. The next medical report from Dr. Schneider is in July of 2000. Plaintiff complained of continued back pain. Tr. 143. In September of 2000, Plaintiff returned to Dr. Schneider for prescriptions refills. Tr. 142. The record does not indicate the medicines that were refilled. In November of 2000, Plaintiff told Dr. Schneider that her body ached and her back hurt her "a lot." Tr. 141. She also told Dr. Schneider that she had been falling a lot. The record does not indicate if Dr. Schneider conducted a physical examination or ordered any additional testing.

In January of 2001, Plaintiff saw Dr. Schneider to obtain the results of her blood work. Tr. 140. She also indicated she wanted some birthmarks removed and that she had a cold virus. There is also a letter in the record from Dr. Schneider, dated January 25, 2001 stating:

> "Guadalupe has insulin dependent diabetes mellitus, chronic sciatica and has a BMI of greater than 45. I have asked her to apply for disability, and I've recommended no work because of her condition as well as her need to care for her daughter age four."

Tr. 134.

In July of 2001, Dr. Schneider wrote a similar letter stating:

> "Guadalupe has severe diabetes and is insulin dependent, she also has chronic sciatica. At this time I recommend no work for an indefinite period of time."

Tr. 135.

In August of 2001, Angela Schimberg, M.D. removed a bunion the from the great toe of Plaintiff's left foot. *Tr. 155.* By December of 2001, Plaintiff had no pain, an x-ray showed good alignment of her great toe and she was wearing normal shoes. Tr. 146-49.

The next record of Dr. Schneider is in December of 2001 when Plaintiff saw him for a consultative examination. Tr. 125-26. In his very brief report, Dr. Schneider assessed the Plaintiff with insulin-dependent diabetes mellitus; hypothyroid; chronic sciatica; seasonal allergies; and noted

4

she had recently undergone a bunionectomy.  *Id.*

In March of 2002, Dr. Schneider conducted a second consultative evaluation.  Tr. 169-70. In an even briefer report, Dr. Schneider assessed the Plaintiff with insulin-dependent diabetes mellitus, chronic back pain with proven disc and chronic leg pain.  He further stated that Plaintiff had hypothyroidism and was taking medication for this and had chronic esophagitis but was not being treated.  He also stated that Plaintiff had anxiety and depression and was "[o]n occasional SSRIs for management." [1]  Tr. 169.

An MRI was taken of Plaintiff's lumbar spine on November 29, 2002.  It was "[e]ssentially unremarkable."  Tr. 175.

## IV. DISCUSSION

Plaintiff alleges that the ALJ erred in not requesting a consultative evaluation or recontacting Plaintiff's treating physician regarding Plaintiff's mental impairment; in failing to consider the side effects of Plaintiff's medications; and in failing to consider Plaintiff's combination of impairments.

<u>Duty to develop the record.</u>

"The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised."  *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359-360-61 (10th Cir. 1993) (internal citations omitted).  The ALJ is under an obligation to order a consultative examination when additional evidence is needed if there is "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation."

---

[1] "SSRI" is an abbreviation for "selective serotonin reuptake inhibitor," which is a class of antidepressants. *The Merck Manual of Diagnosis and Therapy* 1533 (17th ed. 1999).

5

*Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997); 20 C.F.R. § 404.1519(b)(1-5). In this matter the record is scant as to Plaintiff's mental status. Plaintiff relies solely on the fact that Dr. Schneider wrote in his consultative evaluation in March of 2002 that Plaintiff had anxiety and depression and was occasionally treated with SSRIs. Tr. 169. This one finding in the record may not be enough to trigger the ALJ's duty to order a consultative evaluation. However, Plaintiff's counsel specifically requested the ALJ to order an consultative evaluation to fully develop the record regarding a possible severe mental impairment. Tr. 27. Regarding such a request, the Tenth Circuit has stated that:

> [W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.

*Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997).

As Plaintiff identified this issue as requiring further development and there was evidence in the record to support Plaintiff's request, the Court finds that the ALJ erred in not further developing the record on the issue of Plaintiff's mental status.

The Plaintiff also asserts that the ALJ should have recontacted Plaintiff's treating physician Dr. Schneider. The ALJ, under the governing regulations, must recontact a treating physician when the information the doctor provides is inadequate...to determine whether [the claimant is] disabled. 20 C.F.R. § 416.912(e). The inadequacy of the evidence received from the treating physician triggers the duty to recontact. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

The ALJ noted in his opinion that the medical records from Dr. Schneider were illegible and appeared incomplete. Tr. 22. The ALJ also noted that Dr. Schneider's records and consultative

6

evaluation(s) lacked information or did not provide appropriate information and were "brief, conclusory and not fully supported by his own medical findings." Tr. 23. The Court agrees and find that these records were not an adequate basis for a determination of disability. Again, the ALJ erred in not developing the record by either recontacting Plaintiff's treating physician and/or ordering a consultative evaluation.    As the ALJ erred in not fully developing the record, a remand is required. *Madrid v. Barnhart*, 47 F.3d 788 (10th Cir. 2006).

<u>Side effects of medication</u>.

The ALJ's decision states the following regarding any side effects of Plaintiff's medications:

> Currently, she is taking two pain pills and she is able to drive with this medication. She did not state that she had any difficulty with attention or concentration. (See, testimony). Thus, I find that she has not had any adverse effects from her medication.

The ALJ failed to note that Plaintiff testified at the hearing that her medications make her sleepy and she believes they cause her to fall suddenly. *Tr. 224-26*. The Court also notes that Plaintiff complained to Dr. Schneider about her sudden falls. *Tr. 141*. The ALJ's failure to note this testimony and make findings with regard to this testimony is error. If the ALJ did not consider this evidence significant or probable, he must explain his reasoning and specifically state why he did not include this evidence in his analysis of Plaintiff's residual functional capacity. *Edgar v. Shalala,* 859 F. Supp. 521 (D. Kan. 1994); *Coleman v. Heckler*, 572 F. Supp. 1089 (D. Colo. 1983).

<u>Combination of impairments</u>.

Plaintiff asserts that the ALJ erred in not considering all of Plaintiff's impairments in combination. It is beyond dispute that the ALJ must consider all of Plaintiff's medically determinable impairments, singly and in combination. 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 416.920(a), 416.923, 416.945. This includes non-severe impairments. *Hargis v. Sullivan,* 945 F.2d 1482, 1491

7

(10th Cir. 1991).  Failure to consider all of the impairments is reversible error.  *Langley v. Barnhart*, 373 F.3d 116, 1123-24 (10th Cir. 2004).  A review of the decision demonstrates that the ALJ erred in failing to consider all of Plaintiff's impairments in combination.

    **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this opinion.

                                                              _____
                                                               **ALAN C. TORGERSON**
                                                              **UNITED STATES MAGISTRATE JUDGE**,
                                                              **PRESIDING**